IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

01 OCT 30  AH 10: 26

DERRY WAYNE SIMS,                )
                                 )
      Movant,                    )
v.                               ) CR. NO. 98-H-0036-NE
                                 ) CV. NO. 99-H-8010-NE
UNITED STATES OF AMERICA,        )
                                 )
      Respondents.               )

ENTERED
OCT 3 0 2001

### MEMORANDUM OF OPINION

The court has reviewed the record in this § 2255 proceeding, including the objections of Sims (documents #54 and 55), the § 2255 evidentiary transcripts, and the magistrate judge's Findings and Recommendations. The court finds that the magistrate judge's findings are due to be ADOPTED and the recommendations ACCEPTED with respect to all issues. The § 2255 motion to vacate, set aside or correct sentence is due to be DENIED with respect to issues one and three.[1] The § 2255 motion is due to be GRANTED with respect to issue two in which Sims argued that his criminal history was incorrectly calculated because the convictions found in paragraphs 26, 27, 28, and 29 of the pre-sentence report were not separated by intervening arrests and were consolidated for sentencing and therefore were all related cases under the U.S.S.G. § 4A1.2(a)(2), application note 3.

Prior to the second evidentiary hearing on the § 2255 motion, the magistrate judge requested that the probation office review the pre-sentence report based on Sims's argument in issue two. The reviewing probation officer's calculation differed in only one respect from the calculation contained in the original pre-sentence report. The reviewing probation officer concluded that Sims should have received zero points for the conviction in paragraph 29 because it occurred on the same

---

[1]     In issue one, Sims alleges that unconstitutional prior convictions were used to enhance the criminal history category. In issue three, Sims alleges that counsel rendered ineffective assistance of counsel.



date as the conviction in paragraph 28 and is therefore a related case under the guidelines. Based on this single difference, the officer stated that the correct criminal history category was V rather than VI and that the correct guideline sentencing range would have been 70 to 87 months rather than 77 to 96 months.[2]

As the magistrate judge correctly concluded from the record, it was the court's intent to sentence Sims to the bottom end of the sentencing range; therefore, a written amended judgment and commitment order resentencing Sims to a term of imprisonment of 70 months. A resentencing hearing is not necessary based on the facts of this case.[3]

A separate order ruling on the § 2255 motion and an amended judgment and commitment consistent with this memorandum opinion will be entered simultaneously herewith.

DONE this the 30th day of October, 2001.

*/s/ James H. Hancock*
JAMES H. HANCOCK
UNITED STATES DISTRICT JUDGE

---

[2] The court agrees with the magistrate judge's statement that "In and of itself, [the report reflecting a lower sentencing guideline range] does not necessarily concede any ineffective assistance of counsel on Mr. Robert's part. [E]ven though Mrs. McGough may calculate it three years later differently than Mr. Bryant did at the time, that does not mean that Mr. Roberts had grounds for challenging it in the first place." (Document #52, p.19).

[3] Although Sims seeks a resentencing hearing, the only matter to be considered upon resentencing is the probation officer's report reflecting that the correct guideline sentencing range would have been 70 to 87 months rather than 77 to 96 months. The probation officer's report to the magistrate judge (attached to this memorandum opinion as Court's Exhibit A) is a matter of record. Further, this report was provided to counsel for Sims as well as counsel for the government, and counsel for both parties stipulated that the officer would testify to the matters set out in the report. (Document #52, p.5)